IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:21CR182 |
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO SUPPRESS STATEMENTS & DERIVATIVE EVIDENCE; REQUEST FOR EVIDENTIARY HEARING** |
| JORGEN JOHANNSSEN, | ) | |
| Defendant. | ) | |

COMES NOW Defendant, Jorgen Johannssen, by and through his attorney, Mallory Hughes, and pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States, and *Miranda v. Arizona*, 384 U.S. 436 (1966), respectfully moves this Court for an Order suppressing and excluding from use against Defendant any and all statements and evidence obtained by the Government as a result of the custodial and involuntary interrogation of Defendant, which occurred on or about August 25, 2017, in the area of 326 W. 20th Street, Freemont, NE, which led to the criminal charges for the present case. In support of this Motion, Defendant states the following:

1. On August 25, 2017, nine (9) members of law enforcement, most of whom were uniformed in body armor and visibly bearing rifles, entered Defendant's residence to execute a federal search warrant.

2. During the execution of the search warrant, law enforcement took Defendant into custody. Armed members of law enforcement kept Defendant under guard as they searched his residence and

1

    separated him from his mother, who they took to the basement separate and apart from Defendant for questioning.

3. Thereafter, law enforcement told Defendant to "come with us" when they escorted him to the makeshift interrogation room in the basement of his residence after they concluded questioning his mother.

4. In the basement of Defendant's residence, while other armed members of law enforcement moved about and searched his residence, HIS Special Agents McCarthy and Lee interrogated Defendant. Defendant did not have freedom of movement at any point during the search or the interrogation.

5. During the interrogation, Special Agent McCarthy informed Defendant he was guilty of possession of child pornography, he had an addiction to child pornography, and that he should cooperate with law enforcement and seek help.

6. Special Agents McCarthy and Lee interrogated Defendant about said allegations of possession of child pornography and elicited incriminating statements from Defendant without ever advising him of his Rights pursuant to *Miranda*.

7. A violation of *Miranda* raises a presumption of coercion that the government is unable to overcome. The aforementioned series of events produced a set of circumstances that, along with the mental

manipulation employed by Special Agent McCarthy, coerced Defendant into providing statements to police involuntarily.

8. Based on law enforcement's coercive conduct and its failure to advise Defendant of his *Miranda* Rights prior to interrogating him on August 25, 2017, this Court should suppress Defendant's statement and preclude the Government from referencing or utilizing said statemet at trial.

9. Furthermore, law enforcement obtained evidence that the Government intends to use against Defendant at the time of trial in this matter, which was directly obtained as a result of Defendant's involuntary statement made in the course of the illegal interrogation of Defendant. It follows that such evidence should be precluded from use at trial.

10. Nearly four (4) years after law enforcement's August 25, 2017, illegal interrogation of Defendant, under almost identical circumstances, law enforcement entered Defendant's residence and again, executed a federal search warrant.

11. This time, in 2021, prior to interrogating Defendant, law enforcement did advise Defendant of his *Miranda* Rights, which Defendant waived. Such waiver was coerced, involuntary and was a direct illegal "fruit" of the unlawful interrogation in 2017.

12. Defendant's subsequent 2021 statement elicited by law enforcement was not attenuated from the tainted 2017 statement, and should be

3

precluded from use at trial, as well as any evidence obtained as a result of the same.

**WHEREFORE**, Defendant respectfully moves this Court for an Order suppressing and excluding from use against Defendant any and all statements and evidence obtained as a result of the above-mentioned illegal custodial interrogation of Defendant, for the reason that such evidence was obtained in violation of the Rights of the Defendant as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, and *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant requests a hearing in this matter.

DATED: October 4, 2021

Jorgen Johanssen, Defendant,

/s/ Mallory N. Hughes
Mallory N. Hughes, #24612
BERRY LAW FIRM
1414 Harney Street, Suite 400
Omaha, NE 68102
mallory@jsberrylaw.com
(402) 466-8444

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification to Assistant United States Attorney Michael Norris.

/s/ Mallory N. Hughes

Mallory N. Hughes, #24612

4