IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JORGEN JOHANNSSEN,<br><br>　　　　　　　Defendant. | 8:21-CR-182<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATOIN ON PLEA OF GUILTY |

　　　　This matter is before the Court on the magistrate judge's Findings and Recommendation on Guilty Plea, Filing 55, recommending that the Court accept the defendant's plea of guilty to Count II of the Indictment. There are no objections to the findings and recommendation.

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. Count II of the Indictment charges Defendant with violating 18 U.S.C. § 2252(a)(2). Filing 1 at 1. Under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014(a)(3), the court shall assess any non-indigent person convicted of an offense under Chapter 110 of Title 18 an amount of $5,000. 18 U.S.C. § 2252(a)(2) falls under Chapter 110 of Title 18.

　　　　When discussing penalties, the Petition to Enter a Plea of Guilty, Filing 57 at 4, and Plea Agreement, Filing 58 at 2–3, omit any mention of the JVTA assessment. As a result, Defendant was not informed of the maximum potential assessment he faces at his change-of-plea hearing. Filing 61 at 8. Nevertheless, such an omission is harmless, as Defendant was informed that he faced a maximum fine of $250,000. Filing 61 at 8; s*ee United States v. Molzen*, 382 F.3d 805, 807 (8th Cir. 2004) (holding that it was harmless error to fail to inform the defendant about potential restitution when the district court had informed him he faced a potential fine larger than the amount

of restitution ordered); *see also* Fed. R. Crim. P. 11(h) (stating that the failure to inform a defendant of a potential penalty is harmless "if it does not affect substantial rights"); *United States v. Glinsey*, 209 F.3d 386, 395 (5th Cir. 2000) ("[The defendant] is not prejudiced so long as his liability does not exceed the maximum amount that the court informed him could be imposed as a fine. It is the amount of liability, rather than the label 'restitution,' that affects [the defendant's] substantial rights."). Moreover, it is possible that a JVTA assessment may not apply at sentencing because the JVTA special assessment statutory provision is set to expire on September 30, 2022. *See* 18 U.S.C. § 3014(a). Therefore, the Court will adopt the magistrate judge's Findings and Recommendation on Guilty Plea. Filing 55. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation on Guilty Plea, Filing 55, is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 28th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge