IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORGEN JOHANNSSEN,<br><br>Defendant. | 8:21-CR-182<br><br>MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255 |

Defendant Jorgen Johannssen filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. Filing 80. In his Motion, Johannssen raises four grounds for habeas relief, all related to ineffective assistance of counsel. *See* Filing 80 at 4-11. Johannssen describes these four claims as follows: (1) Failure to Investigate; (2) Failure to Object/Advocate; (3) Failure to Appeal; and (4) "Failure to sufficiently advise client in regard to failed Miranda warnings and impermissible use of two-step tactic." Filing 80 at 4–11. The Court previously performed an initial review of Johannssen's Motion under 28 U.S.C. § 2255(b) and determined that "for at least one of Johannssen's grounds, the Court cannot conclude that it 'plainly appears' he is not entitled to relief." Filing 83 at 2; *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court ordered the Government to respond to the Motion. Filing 83 at 2. For the reasons below, the Court orders a hearing on Ground 3 (Failure to Appeal) and dismisses the other claims.

### I.   INTRODUCTION

#### A.  Factual Background

The following facts are drawn from a Motion to Suppress hearing before U.S. Magistrate Judge Michael D. Nelson, Judge Nelson's Findings and Recommendation, and the parties' Briefs related to the § 2255 Motion. *See generally* Filing 40; Filing 41; Filing 81; Filing 87. In August

1

2017, law enforcement executed a search warrant at Johannssen's residence in Fremont, Nebraska, where Johannssen lived with his mother, to search for evidence of child pornography. Filing 41 at 1–2. Several armed and armored officers entered the residence. Filing 41 at 2. While executing the search warrant, law enforcement officers explained "that nobody was under arrest; that everybody was free to leave the residence at any point in time; nobody was required to stay; and that the officers would like to speak to anybody that was willing to speak to them." Filing 41 at 2. After interviewing Johannssen's mother, law enforcement interviewed Johannssen "in the partially finished basement of the residence." Filing 41 at 2. Johannssen cooperated with the interviewing officers and permitted them to access his iPhone, where Johannssen had a Dropbox account containing child pornography. Filing 41 at 2–3. Johannssen permitted law enforcement to "'take over' some of his accounts to search for leads as to other individuals who may be trading child pornography with Defendant." Filing 41 at 3. Defendant was not charged or arrested after this encounter. Filing 41 at 3.

Years later, in March 2021, law enforcement executed a second search warrant at Johannssen's residence, searching for evidence of child pornography. Filing 41 at 3. After officers again explained that Johannssen was not under arrest, Johannssen agreed to sit for an interview, this time inside an unmarked law enforcement minivan. Filing 41 at 3–4; Filing 40 at 69. Before speaking to the officers, Johannssen was read his *Miranda* rights and signed an acknowledgement. Filing 40 at 70. Johannssen proceeded to inform law enforcement that he possessed several accounts that he used to trade and collect child pornography. Filing 40 at 75.

### B. Procedural Background

On June 17, 2021, the Grand Jury returned a three-count Indictment against Johannssen alleging violations of 18 U.S.C. § 2252 for possession and distribution of child pornography. Filing

2

1. Johannssen unsuccessfully sought to suppress the evidence obtained as a result of the search warrants executed in 2017 and 2021. Filing 24; Filing 41; Filing 42; Filing 43. Johannssen pleaded guilty to Count II of the Indictment, distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Rule 11(c)(1)(C) plea agreement that, if accepted, would require the Court to sentence him to a term of between 96 and 144 months. Filing 57 at 1; Filing 58 at 3. At the sentencing hearing held on January 4, 2023, the undersigned accepted the plea agreement and sentenced Franco to a term of 120 months of imprisonment, followed by a term of 120 months of supervised release. Filing 74 (Text Minute Entry); Filing 76 (Judgment). Johannssen's plea agreement included an appeal waiver provision, Filing 58 at 4, and consistent with his agreement, Johannssen did not file an appeal.

On January 4, 2024, exactly one year after the sentencing, Johannssen filed the pro se Motion to Vacate under 28 U.S.C. § 2255 that is presently before the Court, Filing 80, and an accompanying Brief, Filing 81. Johannssen describes these four claims as follows: (1) Failure to Investigate; (2) Failure to Object/Advocate; (3) Failure to Appeal; and (4) "Failure to sufficiently advise client in regard to failed Miranda warnings and impermissible use of two-step tactic." Filing 80 at 4–11. After performing an initial review, the Court ordered the Government to respond to the Motion. Filing 83. The Government filed a Response on February 29, 2024. Filing 87. The Government concedes that a hearing is necessary to resolve Johannssen's claim regarding his counsel's alleged failure to appeal. Filing 87 at 8–9. However, the Government contends that the remaining claims in Johannssen's Motion should be denied outright. Filing 87 at 10–16.

## II. ANALYSIS

3

### A. Preliminary Matter

Johannssen filed a Reply Brief on March 18, 2024, effectively arguing that because the Government concedes that a hearing is necessary as to Ground 3 (failure to appeal), the hearing should also be an opportunity "to elicit additional facts and information in regards to the other claims of ineffectiveness of counsel." Filing 88 at 1–2. Without considering whether Johannssen was entitled to file a Reply Brief or whether his Brief was timely, the Court concludes that the other grounds are meritless and not open to evaluation at a hearing for the reasons stated below.

### B. Applicable Standards

Johannssen brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

Normally, under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th

4

1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Accordingly, there is no need to "inquire into the effectiveness of counsel . . . if [the Court] determine[s] that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014). However, the standard is different when the alleged ineffective assistance of counsel relates to the failure to file an appeal at the defendant's request. The Eighth Circuit has explained, "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citations omitted). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Id.*

Although § 2255(c) provides that "[a] court may entertain and determine such motion without requiring the production of the prisoner at the hearing," the Eighth Circuit has explained that "[e]videntiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Sellner*, 773 F.3d at 929 (quoting *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)). In addition, "[t]he district court is not permitted to make a credibility determination on the affidavits alone." *Id.*

### C. A Hearing Is Necessary to Resolve Johannssen's Claim Regarding the Alleged Failure to Appeal

Ground Three of Johannssen's Motion asserts a claim for "Ineffective Assistance of Counsel – Failure to Appeal." Filing 80 at 8. Johannssen's claim is based on the following allegations:

5

> Immediately following sentencing, I instructed my attorney that I would like to appeal the preserved Miranda / Suppression issue. My attorney said that we would discuss it later. When I was finally able to contact my attorney following this, I was informed that I waived my rights to appeal and that I could not appeal. When I told my attorney that I felt confident that we could still appeal the preserved issue, my attorney said "you don't know what you're talking about" and "I am not filing an appeal on this." When the attorney flatly refused to even file a notice of appeal, I was denied due process. My attorney acted in a professionally and objectively unreasonable manner, and I should be afforded an opportunity for an out of time appeal.

Filing 80 at 8. Johannssen also included with his Brief an Exhibit containing a letter he allegedly sent to his attorney on January 7, 2023, three days after the sentencing. Filing 81 at 28 (Exhibit A). The letter states the following:

> I am writing to ask that you file an appeal on the *Miranda*/suppression issue. I think it was incorrectly decided in the District Court. I feel that the issue has been preserved and falls out of the scope of my appealate [sic] waiver. I am aware of your concerns and position, but respectfully ask that you file the appeal anyway. Please do so at your earliest convience [sic].

Filing 81 at 28. Johannssen further asserts that he and his mother attempted to contact his attorney regarding his appeal but never received any response. Filing 81 at 12.

The Government responds that Johannssen's "claims that he preserved an issue for appeal in his Plea Agreement" are meritless, as "both the Plea Agreement and the change of plea hearing reflect that the plea Johannssen voluntarily entered into was not conditional." Filing 87 at 9. However, the Government concedes that "if Johannssen can demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and he will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." Filing 87 at 9 (citing *Sellner*, 773 F.3d at 930). Accordingly, the Government asserts that the Court must "evaluate the credibility of Johannssen and his counsel" and that "this credibility determination requires a hearing." Filing 87 at 9. The Court agrees that a hearing is necessary.

The Court concludes that "a hearing is necessary prior to the motion's disposition [because] a factual dispute exists," namely, whether Johannssen instructed his attorney to file an appeal. *Sellner*, 773 F.3d at 929. It does not matter whether Johannssen "waived his right to appeal as part of a plea agreement," which the Government contends occurred, because "prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Id.* (citation omitted). Accordingly, the Court orders the parties to appear for a hearing to determine whether Johannssen instructed his attorney to file an appeal.

### D. Johannssen's Remaining Claims Are Denied

Johannssen's remaining claims are for "Failure to Investigate," "Failure to Advocate," and "Failure to Advise of Right to Remain Silent & Impermissible Use of Two-Step Tactic." Filing 81. As discussed above, to obtain relief under § 2255, Johannssen must be able to show that "counsel's performance was deficient" and that "prejudice resulted." *Harris*, 83 F.4th at 1097. The Government argues in response that the record shows that Johannssen's counsel was not deficient and, alternatively, that Johannssen did not suffer any prejudice. The Court will address Johannssen's remaining claims in turn.

*1. Claim for Failure to Investigate*

Ground One for Johannssen's Motion is "Ineffective Assistance of Counsel - Failure to Investigate." Filing 80 at 4. This claim is supported by the following allegations:

> Counsel failed to properly investigate the offense and possible defenses. Counsel did not interview any witnesses, which would have provided more details regarding the search and interrogation atmosphere, which in turn could have resulted in a successful suppression of tainted statements and evidence. In addition, counsel failed to determine if there were any other mitigating factors or facts that could be used to prepare a defense. Counsel was quick to encourage a plea agreement, when their lack of investigation made this recommendation premature and strategically unsound. Counsel cannot responsibly advise a client when not in possession of all the facts. Plea may not have been knowingly and voluntarily made.

7

Filing 80 at 4. Johannssen argues in his Brief that "[h]e was robbed of the benefit of proper investigations when his counsel failed to investigate the facts of the crime, the nature and characteristics of the defendant, the relevant law, and the interplay between them" and that his "[c]ounsel provided deficient performance that was professionally unreasonable and that fell below an objectively reasonable standard." Filing 81 at 4. Johannssen detailed ten separate allegations where he argues "counsel failed to conduct reasonable investigations." Filing 81 at 5. For the sake of completeness, these allegations are as follows:

1. Counsel did not fully investigate the facts surrounding the 2017 search warrant. Specifically, they failed to identify the custodial nature of the atmosphere and the legal ramifications of eliciting the client's confession in a strategic way that bypassed the protections of Miranda.
2. Counsel failed to convey the effects that the potential suppression of the client's statements could have upon a trial, in turn making it impossible for the client to make a knowing and intelligent decision on whether to accept a plea agreement or to insist on proceeding to trial.
3. Counsel failed to investigate or identify witnesses that would have been able to testify as to the atmosphere during the 2017 search. Doing so would have identified the unnamed officers who were present and could have described the atmosphere as police dominated. These witnesses would have seen that the home was full of armed officers, that a makeshift interrogation room was setup in an intentionally uncomfortable industrial like setting, and that the average youth of 18 would reasonably feel that he could not simply stop talking and walk out of the home, even if he had somewhere else that he could have retreated to.
4. Likewise, counsel could have identified unnamed officers who would have had knowledge of and testified to the conditions of the 2021 search atmosphere. Some of which would undoubtedly have had personal knowledge of the plan to implement a two step interview in order to affirm prior unwarned statements with the illusory correction of post statement Miranda warnings.
5. Proper investigations into the history and characteristics of the Petitioner, including investigations into the psychological maturity of youthful offenders, would have allowed the presentation of mitigating factors at sentencing. In addition, the fact that the Petitioner was a youthful offender with no prior criminal history was highly relevant. Additional character witnesses would have provided helpful testimony.
6. Investigation would have shown that Mr. Johannssen was under the Nebraska age of majority at the time of the 2017 search, and that he was separated from his mother when his unwarned statements were coerced.

8

7. Counsel failed to fully review the documentary evidence in the case, and accordingly was not in a position to properly advise Petitioner on whether he should or should not accept a plea agreement, or whether there was a viable defense to be presented should he proceed to trial.
8. Counsel failed to review and identify applicable statutory and case law that was relevant to the instant matter at various stages. Specifically, counsel failed to identify and review how the law applied to the set of facts present in relation to: i) the custodial status of the first interrogation; ii) the use of a question first warn later scheme; iii) the failure of the 2021 Miranda warnings to correct the prior failure; iv) the effect of successful suppression of the client's statements; v) the importance of appealing the incorrectly decided suppression issue; and vi) the possible defenses at trial.
9. Counsel failed to meaningfully review the client's sentencing exposure and the elements of the charged crimes. Without doing so, there [wa]s no way for Mr. Johannssen to make the difficult decision on whether to proceed to trial.
10. Counsel failed to investigate the appellate options in regard to the preserved issues.

Filing 81 at 5–7.

In response, the Government argues that "contrary to Johannssen's arguments, his counsel's questions [during the suppression hearing] to the three agents testifying brought out Johannssen's age and naiveness, how many law enforcement officers were in the residence during the execution of both search warrants, and the lack of a Miranda rights advisory during the first interview." Filing 87 at 12. The Government explains that the alleged failures identified by Johannssen "would not have added to the evidence before the Magistrate Court during the suppression hearing." Filing 87 at 12. The Court agrees with the Government.

Johannssen's counsel did not fail to investigate; to the contrary, her questioning of witnesses and argument at the Motion to Suppress hearing before the Magistrate Judge show that she was well-acquainted with the facts of the case. Johannssen's counsel argued that the 2017 interview of Johannssen was a custodial interrogation without *Miranda* advisement, warranting suppression of evidence. Filing 41 at 80–84. She cited binding caselaw, noted Johannssen's youth and naivety, and argued that the circumstances of the interrogation were such that Johannssen was

9

not truly free to leave. Filing 41 at 80–84. The record clearly shows that Johannssen's counsel had investigated and was prepared to question witnesses and advocate for her client.

Alternatively, even if Johannssen's counsel failed to investigate, Johannssen was not prejudiced by his counsel's advocacy. Despite Johannssen's counsel's cogent arguments to suppress evidence that Johannssen possessed and distributed child pornography, the 2017 interview was not a custodial interrogation, as the Magistrate Judge found, *see* Filing 41 at 8 ("Under the totality of the circumstances, the undersigned magistrate judge finds Defendant was not in custody for purposes of Miranda during the August 2017 interview, and that his statements were voluntary."), and the Court adopted. Filing 43. The Court also adopted the Magistrate Judge's finding that the 2021 interview was not a custodial interrogation, but even if it was, law enforcement read Johannssen his *Miranda* rights before the interview, and Johannssen signed a written waiver of those rights. Filing 41 at 8–9. The Magistrate Judge further considered and rejected the "impermissible two step interrogation" theory of suppression, Filing 41 at 9–10 (finding no "intentional stratagem to circumvent *Miranda*"), and the Court adopted this finding. Filing 43. Accordingly, because there was no evidence that "counsel's performance was deficient" or that "prejudice resulted." *Harris*, 83 F.4th at 1097, the Court rejects Ground One.

    2. *Claim for Failure to Advocate*

Ground Two of Johannssen's Motion is for "Ineffective Assistance of Counsel – Failure to Object / Advocate." Filing 80 at 5. Purportedly supporting this claim are the following allegations:

> Counsel failed to advocate by adopting the position that Petitioner was guilty and stating the opinion that he should "be punished harshly for this disgusting crime." Further, counsel put fourth [sic] a bare minimum effort and failed to object to factual disputes. Counsel's bare bones objection in regard to the Miranda/ Suppression issue came only in response to Petitioner's insistence.

Filing 80 at 5. Johannssen further alleges in his Brief that his counsel failed to "preserve issues for appeal." Filing 81 at 10.

The Government argues that Johannssen's counsel "vehemently argued Johannssen's statements and evidence derived during execution of the two search warrants should be suppressed." Filing 87 at 10. The Government notes that counsel filed a Motion to Suppress, advocated for her client during the suppression hearing, and filed a 12-page Objection to the Magistrate Judge's Findings and Recommendation that the Motion to Suppress be denied. Filing 87 at 12. The Government further argues that "Johannssen's vague allegations that his counsel uttered derogatory comments about him, the offenses charged, and the sentence he deserved are specious given the overwhelming evidence of his counsel's representation and advocating on his behalf throughout his case," noting that the "allegations are contradicted by his own responses in the Petition to Enter a Plea of Guilty and his sworn testimony at his change of plea hearing during which he told the Magistrate Court he was "fully satisfied with the representation that defense counsel has provided and the advice that she's given him in this case." Filing 87 at 13 (record citations omitted) (cleaned up).

Johannssen's allegations that his counsel failed to advocate for him or said Johannssen should "be punished harshly for this disgusting crime" is specious and strongly contradicted by the record and Johannssen's sworn statements. *See United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) ("Allegations that contradict a defendant's statements at the change of plea hearing 'are inherently unreliable.'" (citation omitted)). Although there is ostensibly a factual dispute, because Johannssen's "allegations . . . are contradicted by the record" and are otherwise "inherently incredible," *Sellner*, 773 F.3d at 930, there is no need to consider this allegation at a hearing. In addition, the Court rejects Johannssen's argument that his counsel's alleged failure to

11

"preserve issues for appeal" constitutes a failure to advocate, considering that the plea expressly waived Johannssen's right to appeal. *See* Filing 58 at 4. Therefore, the Court rejects Ground Two.

   3. *Claim for Failure to Advise of Right to Remain Silent & Impermissible Use of Two-Step Tactic*

Ground Four of Johannssen's Motion asserts a claim for "Ineffective Assistance of Counsel – Failure to Advise of Right to Remain Silent & Impermissible Use of Two-Step Tactic." Filing 80 at 8. Johannssen's claim is based on the following allegations:

> Counsel failed to meet an objectively reasonable standard, and prevented her client from making an informed decision on the possible acceptance of a plea agreement, when she failed to investigate and advise the Petitioner in regard to the failed Miranda warnings during the 2017 interrogation. She failed to evaluate the prohibited two-step tactic and identify it as a primary defense concern. The defense would have looked completely different had the coerced full confession of the Petitioner been suppressed, and failure to pursue this issue through every available appeal was not professionally reasonable. No competent attorney would have made a tactical decision that this game changing issue was unworthy of pursuit.

Filing 80 at 8. Johannssen explains in his Brief that his counsel failed to satisfactorily argue that evidence should have been suppressed from his first interrogation as a custodial interrogation without *Miranda* warnings and from his second interrogation as an unlawful "two-step interview." Filing 81 at 13.

Johannssen's assertions are plainly false. As discussed above, Johannssen's counsel articulately argued that the 2017 interview was a custodial interrogation requiring *Miranda* warnings and that the 2021 interview constituted an unlawful two-step interrogation. Filing 40 at 80–84. The Court adopted the Magistrate Judge's adverse findings, not because Johannssen's counsel "failed to meet an objectively reasonable standard" of representation, but because the circumstances of Johannssen's confessions to child pornography-related offenses precluded suppression. The Court rejects Ground Four.

   III.   CONCLUSION

12

Grounds One, Two, and Four of Johanssen's Motion to Vacate under 28 U.S.C. § 2255 are meritless and therefore denied. The Court must hold a hearing to determine whether Count Three, Johanssen's allegation that his counsel refused his request to file an appeal, has merit. Accordingly,

IT IS ORDERED:

1. Grounds One, Two, and Four of defendant Johanssen's Motion to Vacate under 28 U.S.C. § 2255, Filing 80, are dismissed; and

2. The Court refers the issue of whether Johanssen requested his counsel to file an appeal and his counsel failed to do so, as alleged in ground one of Smith's Motion, to the magistrate judge for an evidentiary hearing and to draft findings and recommendations on the matter.

Dated this 5th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge