# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:21CR182** |
| vs. | |
| **JORGEN JOHANNSSEN,** | **ORDER** |
| Defendant. | |

    This matter is before the Court on the Government's motion (Filing No. 92) for an order confirming that the attorney-client privilege has been waived as to issues raised in Defendant's Motion under 28 U.S.C. § 2255. The Government asks that Ms. Mallory Hughes and Mr. Eric M. Hagen, former counsel of record for Defendant, be permitted to provide an affidavit and to communicate directly with the Government for purposes of addressing all pertinent information reasonably necessary to fairly respond to Defendant's ineffective assistance of counsel accusations against them. Defendant has filed a Joinder of the Government's Motion to Confirm Waiver (Filing No. 100), agreeing that the Court should issue an order allowing his former counsel to provide an affidavit and to communicate with the government and his appointed counsel for the purpose of addressing all pertinent information necessary to fairly respond to and/or to support Defendant's § 2255 motion.

    On January 4, 2024, Defendant filed a motion under § 2255, alleging his trial counsel was ineffective in several ways, including failing to file a notice of appeal at his request. (Filing No. 80). On April 5, 2024, the Court dismissed grounds one, two, and four of Defendant's motion, but referred the issue of whether Defendant requested his counsel to file an appeal to the undersigned magistrate judge for an evidentiary hearing. (Filing No. 89). The parties now request the Court enter an order confirming Defendant has waived the attorney-client privilege as to this issue.

    A defendant waives attorney-client privilege as to communications with the attorney necessary to prove or disprove a claim of ineffective-assistance-of-counsel claims. See, e.g., *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."). Therefore, the undersigned magistrate judge finds that

Defendant has waived attorney-client privilege as to communications with his trial counsel necessary to prove or disprove his claim of ineffective assistance of counsel raised in his motion under § 2255. Accordingly,

**IT IS ORDERED:**

1. The Government's Motion to Confirm Waiver of Attorney-Client Privilege ([Filing No. 92](#)) and Defendant's Joinder of Government's Motion to Confirm Waiver ([Filing No. 100](#)) are granted;
2. Defendant has waived the attorney-client privilege with respect to the matters raised in his ineffective-assistance-of-counsel claims in his motion filed under 28 U.S.C. § 2255.
3. On or before **May 15, 2024**, Attorneys Mallory Hughes and Eric Hagen shall provide affidavits addressing all pertinent information that they believe is reasonably necessary to respond to Petitioner's ineffective-assistance-of-counsel claim regarding the Defendant's request that they file a notice of appeal. Counsel are directed to attach to, or include with, their affidavits all the documents that they reasonably believe are necessary to respond to Defendant's allegations.
4. Ms. Hughes and Mr. Hagen shall communicate with the Government and Defendant's appointed counsel for the purpose of addressing all pertinent information necessary to fairly respond to and/or to support Defendant's § 2255 motion.
5. The evidentiary hearing on the notice of appeal issue raised in Defendant's § 2255 motion will be held at **9:30 a.m. on July 23, 2024,** before the undersigned magistrate judge. Defendant shall appear by telephone.

Dated this 1st day of May, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge