IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JORGEN JOHANNSSEN, Defendant. | **8:21-CR-182** **ORDER ON DEFENDANT'S MOTION FOR CERTIFICATE OF APPEAL** |

This matter is before the Court on defendant Jorgen Johannssen's *pro se* "Motion for Certificate of Appeal for Federal Rule of Civil Procedure 60(b).[1] Filing 136. The defendant has been before the Court and the Eighth Circuit Court of Appeals on various unsuccessful post-conviction proceedings. Of note, the defendant previously filed a Motion to Vacate under 28 U.S.C. § 2255, Filing 80, raising four ineffective assistance of counsel claims. The Court dismissed Grounds One, Two, and Four of the defendant's § 2255 motion. Filing 89. The Court referred Ground Three—which alleged that the defendant's attorney did not file an appeal despite the defendant's request for one—to the magistrate judge for an evidentiary hearing. Filing 89 at 13. Approximately two weeks before the scheduled evidentiary hearing, the defendant moved to withdraw his § 2255 motion. Filing 120. The Court granted the defendant's motion and declared his § 2255 motion withdrawn. Filing 121. The defendant then sought to appeal the Court's denial of his § 2255 motion, Filing 123, but the Court denied his request for a certificate of appealability because reasonable jurists would

[1] The defendant is currently serving a 120-month term of incarceration for receiving child pornography. Filing 74 (Text Minute Entry); Filing 76 (Judgment).

not find the Court's decisions debatable, Filing 127. The Eighth Circuit subsequently denied the defendant's request for a certificate of appealability and dismissed his appeal. Filing 131. The defendant petitioned for rehearing, but the Eighth Circuit denied that request as well. Filing 132. Most recently, the defendant filed a Motion to Correct Prejudicial Errors of Law Pursuant to Federal Rule of Civil Procedure 60(b)(1), Filing 134, alleging that the Court "made substantial errors of law when it denied Claims 1 and 4 of Petitioner's § 2255 motion." Filing 134 at 1.

The Court denied the defendant's Motion to Correct Prejudicial Errors of Law Pursuant to Federal Rule of Civil Procedure 60(b)(1). In that order, the Court explained,

> All three of the defendant's asserted "errors" attack the Court's "previous resolution of [Grounds One and Four] *on the merits*" and therefore constitute claims that are impermissibly raised in a Rule 60(b) motion. *Ward [v. Norris]*, 577 F.3d [925,] 933 [(8th Cir. 2009)] (internal quotation marks and citation omitted) (emphasis in original). Although the defendant attempts to shroud these claims in procedural language by alleging that the Court erred by denying an evidentiary hearing on Grounds One and Four, the defendant overlooks the fact that the Court denied an evidentiary hearing on those grounds precisely because of its "determination that there . . . do not exist grounds entitling" the defendant to habeas relief. *Id.*; *see also Weeks v. Lewis*, No. 4:94-CV-1704 CAS, 2017 WL 1177913, at *4 (E.D. Mo. Mar. 30, 2017) (concluding "that a Rule 60(b) motion based on the district court's failure to conduct an evidentiary hearing prior to denying a habeas petition is not a proper Rule 60(b) motion and constitutes a second or successive petition"); *United States v. Livingstone*, No. 06-56 (JRT), 2014 WL 5106737, at *4 (D. Minn. Oct. 10, 2014) (explaining that the court's decision to deny the evidentiary hearing on the defendant's § 2255 motion was "inextricably linked to its determination on the merits—that Livingstone had failed to present evidence entitling him to relief"). Because the defendant's Motion to Correct Prejudicial Errors of Law "presents a claim, it must be treated as a second or successive habeas petition under [the Antiterrorism and Effective Death Penalty Act]." *Ward*, 577 F.3d at 933. The defendant has not obtained authorization from the Eighth Circuit to file a second or successive habeas petition, so his Rule 60(b) motion must be denied. *See Boyd [v. United States*], 304 F.3d [813,] 814 [(8th Cir. 2002)].

Filing 135 at 4.

As noted in the Court's order denying the defendant's previous motion, Federal Rule of Civil Procedure 60(b) applies in habeas proceedings and "permits 'a party to seek relief from a final

judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also* *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) ("Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances."). Rule 60(b)(1), which the defendant invoked, allows a party to seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has held that "a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." *Kemp*, 596 U.S. at 530. However, courts should be cautious of Rule 60(b) motions filed after the dismissal of a habeas petition, as the Eighth Circuit has warned that such motions may "in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim," that is, if it attacks "the federal court's previous resolution of the claim *on the merits*." *Ward*, 577 F.3d at 933 (internal quotation marks and citation omitted) (emphasis in original). "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief[.]'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4). "[N]o 'claim' is presented when a Rule 60(b) motion only attacks some defect in the integrity of the federal habeas proceedings." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021)

A certificate of appealability is required for the defendant to appeal the Court's denial of his "Motion to Correct Prejudicial Errors of Law" under Rule 60(b). *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). For a certificate of appealability to issue, the defendant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the

issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002).

The defendant's present motion is not materially different from the motion the Court previously denied. *Compare* Filing 134 *with* Filing 136. In the present motion, the defendant asserts that the Court erred in denying his previous Rule 60(b) motion because the Court "selectively [chose] which statements to focus its attention upon concerning [the motion]." Filing 136 at 3. The defendant avers, "[m]ore specifically, while the Petitioner did include information that alluded to the merits of the claims in the original 2255 motion this was included as supportive explanatory information, not as the root of the complaint." Filing 136 at 3. According to the defendant, "[t]he true Rule 60(b) complaint was the way in which the district court made errors in its denial of the Petitioner's § 2255 motion that created a major flaw in the 2255 *process*." Filing 136 at 3 (emphasis added).

The Court has taken another look, with an eye specifically on the question of whether the Court's denial of the defendant's § 2255 motion created a major flaw in the 2255 process. Filing 136 at 3. The Court does not find its reasoning problematic. Contrary to the defendant's contentions in his present motion, the Court's analysis denying his Rule 60(b) motion trained its focus on the defendant's framing of his arguments. *See* Filing 135 at 2–3. The Court explained, "[a]lthough the defendant attempts to shroud [his] claims in procedural language by alleging that the Court erred by denying an evidentiary hearing on Grounds One and Four, the defendant overlooks the fact that the Court denied an evidentiary hearing on those grounds precisely because of its 'determination that there . . . do not exist grounds entitling' the defendant to habeas relief." Filing 135 at 4 (citing cases). There were, indeed, no grounds entitling the defendant to further process (*e.g.*, an evidentiary hearing) or habeas relief, as, for instance, the record failed to support a cognizable claim with respect

to Grounds One and Four. *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (saying "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (internal quotation marks and citations omitted)). There was no "flaw [created] in the 2255 process." Filing 136 at 3. Despite the defendant's attempted framing of his arguments as procedural in nature, "[a]ll three of the defendant's asserted 'errors' attack the Court's 'previous resolution of [Grounds One and Four] *on the merits*' and therefore constitute claims that are impermissibly raised in a Rule 60(b) motion." Filing 135 at 4 (emphasis in original) (citing *Ward*, 577 F.3d at 933 (internal quotation marks and citation omitted)).

The Court stands by its analysis in its prior order. "Because the defendant's Motion to Correct Prejudicial Errors of Law 'present[ed] a claim, it [had to] be treated as a second or successive habeas petition under [the Antiterrorism and Effective Death Penalty Act].'" Filing 135 at 4 (bracketed language in original) (quoting *Ward*, 577 F.3d at 933). The defendant did not obtain authorization from the Eighth Circuit to file a second or successive habeas petition, so his Rule 60(b) motion was appropriately denied. *See Boyd*, 304 F.3d at 814. A certificate of appealability will not issue here because the defendant has failed to "demonstrate that the issues are debatable among jurists of reason." *Randolph*, 276 F.3d at 403 n.1 (8th Cir. 2002). Accordingly,

IT IS ORDERED that the defendant's Motion for Certificate of Appeal for Federal Rule of Civil Procedure 60(b), Filing 136, is denied.

Dated this 4th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge